UNITED STATES DISTRICT COURT        JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-08446-SSC | Date | January 7, 2026 |
|---|---|---|---|
| Title | *Raquel Murrietta v. Bioverse, Inc.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DISMISSING CASE**

     Plaintiff Raquel Murrietta filed this civil action on September 5, 2025. [Doc. # 1.] The case was randomly assigned to a Magistrate Judge for all purposes under General Order of the United States District Court for the Central District of California ("General Order") 25-04. [Doc. # 5.] Under Federal Rule of Civil Procedure 4(m), Murrietta was required to serve process within 90 days of commencing this action, i.e., by December 4, 2025. Murrietta failed to do so. To date, Defendant has not appeared. Therefore, on December 11, 2025, the Magistrate Judge assigned to this case issued an order to show cause ("OSC") directing Murrietta to show cause by December 19, 2025, why the case should not be dismissed for Murietta's failure to prosecute. [Doc. # 10.] Murrietta was instructed that the OSC could be discharged by filing a proof of service. *Id.* at 2. Murrietta has not responded to the OSC, filed a proof of service as ordered, or otherwise participated in this case since the OSC was issued.

     Accordingly, the Magistrate Judge referred this matter to the Chief United States District Judge under General Order 25-04 to determine whether it should be dismissed. *See* C.D. Cal. Gen. Order 25-04 ¶ 5 ("If, prior to a declination of consent being submitted[]" in a case assigned to a Magistrate Judge for all purposes under General Order 25-04, a Magistrate Judge issues an order to show cause why the case should not be dismissed, and the order is not timely responded to, "the determination of whether the case should be dismissed . . . shall be made by the Chief District Judge . . . ."). For the reasons set forth below, the Court **DISMISSES** this action without prejudice.

     Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court can extend the time for service if the plaintiff shows good cause for the delay. *Id.* Failure to seek an extension of time before the expiration of the Rule 4(m) period may itself indicate a lack of good cause.

UNITED STATES DISTRICT COURT                                    JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-08446-SSC** | Date | January 7, 2026 |
|---|---|---|---|

| Title | ***Raquel Murrietta v. Bioverse, Inc.*** | Page | 2 of 3 |
|---|---|---|---|

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person[.]" *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialist, Inc., v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C.*, 504 F.3d at 1138–39.

Here, Murrietta has not served, nor provided good cause for failing to serve, Defendant within the timeframe imposed by Rule 4(m). Further, Murrietta failed to seek an extension of time before the expiration of the December 4, 2025 deadline. Murrietta's failure to serve Defendant has left the Court without jurisdiction over Defendant. *Direct Mail Specialist, Inc.*, 840 F.2d at 688. Consequently, this case is subject to dismissal under Rule 4(m).

Dismissal of this case is also appropriate under Rule 41(b), which permits dismissal of a case for failure to prosecute and to comply with Court orders. *See* Fed. R. Civ. P. 41(b) (discussing district courts' authority to dismiss actions for failure to prosecute or comply with court orders); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (interpreting Rule 41(b) to give courts the ability to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with rules or orders); *Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1278 (9th Cir. 1980) ("a plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute . . . and a district court may dismiss an action on this ground [with prejudice under] Fed. R. Civ. P. 41(b).").

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in *Henderson*). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). In a case involving *sua sponte* dismissal, however, the fifth *Henderson* factor regarding the availability of less drastic sanctions warrants "special focus[.]" *Id*.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned in the OSC that the case would be dismissed for failure to prosecute, and that Murrietta could discharge the

UNITED STATES DISTRICT COURT | JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-08446-SSC | Date | January 7, 2026 |
|---|---|---|---|

| Title | *Raquel Murrietta v. Bioverse, Inc.* | Page | 3 of 3 |
|---|---|---|---|

OSC by filing a proof of service by December 19, 2025, Murrietta has failed to do so. Murrietta's failure to prosecute this case by filing a valid proof of service has caused unreasonable delay and halted the Court's management of the docket. Consequently, the first two factors weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding the district court did not abuse its discretion by dismissing the case with prejudice where the district court found "Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing Plaintiffs to control the pace of the docket rather than the Court." (internal quotation marks omitted)).

      The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Here, Murrietta has not offered any excuse for Murrietta's failure to comply with the Court's OSC and respond in a timely manner and this "prejudice" element thus favors dismissal.

      The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. Nonetheless, it would be impossible to proceed in this case without Murrietta's active and timely participation. Under these circumstances, though the public policy favors Plaintiff, it does not outweigh Murrietta's failure to obey Court orders or to file responsive documents within the time granted.

      The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Murrietta's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response, Murrietta has failed to timely file responsive documents or to otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case.

      Because all five factors support dismissal and none weigh against, dismissal for failure to prosecute and follow court orders is appropriate under Rules 4(m) and 41(b). Accordingly, this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.